David ALVARADO, Appellant,

v.

OKLAHOMA SURETY COMPANY,
Appellee.

No. 08–04–00239–CV.

Court of Appeals of Texas,
El Paso.

May 19, 2005.

Rahul Malhotra, The Malhotra Law Firm, Odessa, for Appellant.

Kathleen M. McCulloch, Shafer, Davis, McCollum, Ashley, O'Leary & Stoker, Odessa, for Appellee.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION

DAVID WELLINGTON CHEW, Justice.

Appellant David Alvarado appeals from the dismissal of his lawsuit against Appellee Oklahoma Surety Company, his employer's underinsured motorist (UIM) insurance carrier. In his sole issue, Mr. Alvarado contends the trial court erred in concluding that it lacked subject matter jurisdiction for his alleged failure to make a pre-suit demand for UIM benefits before filing the lawsuit. Because Mr. Alvarado's live pleadings contained alleged facts that affirmatively demonstrated that the trial court had subject matter jurisdiction, we reverse the trial court's order and remand the cause to the trial court for further proceedings.

On August 28, 2003, Mr. Alvarado filed suit against Misty Grigry and Brett Grigry. He alleged that on February 21, 2003, Ms. Grigry ran a red light and hit his vehicle while he was taking a left at an intersection in Monahans, Texas. Mr. Alvarado claimed that the defendant's negligence was the proximate cause of the collision and the injuries he sustained. Mr. Alvarado later amended his petition to add Mid–Continent Casualty Company as a defendant. Mr. Alvarado alleged that the motor vehicle accident had occurred while he was driving a vehicle owned by his employer, H & L Monachem, Ltd., that Ms. Grigry was an underinsured driver, that his employer carried an underinsured motorist insurance policy with Mid–Continent, and that Mid–Continent had "failed

and refused to pay benefits due under the policy provisions in question." [1]

On May 11, 2004, Mid–Continent filed a motion to dismiss, in which it argued that its affiliate Oklahoma Surety Company was, in fact, the employer's insurance carrier and that neither it nor Oklahoma Surety had denied Mr. Alvarado's claim for underinsured/uninsured benefits under the policy. Further, Mid–Continent argued that the lawsuit should be dismissed because "the causes of action asserted against it are premature and no cause of action has accrued against MID–CONTINENT" or Oklahoma Surety. In Mr. Alvarado's fourth amended petition, his live pleading at the time of the hearing on the motion to dismiss, Mr. Alvarado named Oklahoma Surety Company as a defendant and dismissed Mid–Continent.[2] In this pleading, Mr. Alvarado alleged that his employer carried an insurance policy with Oklahoma Surety and that the policy contained coverage for damages caused by an underinsured driver. Mr. Alvarado alleged that Ms. Grigry was an underinsured driver, and that "[d]espite Plaintiff's compliance with the terms and provisions of the policy, Defendant **OKLAHOMA** has failed and refused to pay benefits due under the policy provisions in question." Mr. Alvarado alleged causes of action against Oklahoma Surety for: (1) violations of the Texas Deceptive Trade Practices Act; (2) breach of contract; (3) common law fraud; (4) bad faith; and (5) violation of Section 21.55 of the Texas Insurance Code. Under his bad faith claim and his Section 21.55 violation claim, Mr. Alvarado specifically alleged that Oklahoma had denied payment of his claim. We also note that in his breach of contract claim, Mr. Alvarado alleged that Oklahoma had failed to perform its written contractual obligations under the insurance contract.

On May 21, 2004, the trial court held a hearing on the motion to dismiss. At the hearing, counsel for Mid–Continent and Oklahoma Surety argued that Mr. Alvarado's UIM claim had not been denied by Oklahoma Surety, and until that happened, Mr. Alvarado had no causes of action for bad faith, for deceptive trade practices, and likewise for the remaining claims he asserted. In response, Mr. Alvarado's counsel argued that there was no prerequisite that a plaintiff first make a demand for payment upon the UIM carrier, who must then deny the claim before a plaintiff can file suit against the UIM carrier. Mr. Alvarado's counsel also argued that his right to file a lawsuit was separate and distinct from a determination of the UIM's liability or whether his cause of action had accrued. On June 3, 2004, the trial court dismissed Mr. Alvarado's lawsuit without prejudice to his right, if any, "to pursue his remedies against Oklahoma Surety Company at a due and proper time and in a proper forum." Mr. Alvarado now brings this appeal.

In his sole issue, Mr. Alvarado challenges the trial court's dismissal of his lawsuit. In its motion to dismiss and on appeal, Oklahoma Surety contends that Mr. Alvarado has no cause of action until his claim is denied, at which point his causes of action, if any, would accrue. Further, Oklahoma Surety argues that Mr. Alvarado has therefore prematurely filed his lawsuit and his claims are not ripe for adjudication because no injury has yet occurred.

---

1. Mr. Alvarado later dismissed his claims against the Grigrys with prejudice. Consequently, they are not parties to this appeal.

2. The Order indicates that Oklahoma Surety adopted and/or proceeded under Mid–Continent's Motion to Dismiss during the hearing.

*Standard of Review*

■ The parties agree that Oklahoma Surety's motion to dismiss was the functional equivalent of a plea to the jurisdiction. *See Anderson v. City of San Antonio*, 120 S.W.3d 5, 7 (Tex.App.-San Antonio 2003, pet. denied). A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claim asserted has merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex.2000). Through the plea, a party challenges the trial court's authority to determine the subject matter of the pleaded cause of action. *City of Midland v. Sullivan*, 33 S.W.3d 1, 6 (Tex. App.-El Paso 2000, pet. dism'd w.o.j.).

■ The plaintiff has the burden to allege facts affirmatively demonstrating that the trial court has subject matter jurisdiction. *Texas Ass'n of Bus. v. Texas Air Control Board*, 852 S.W.2d 440, 446 (Tex.1993). We take as true the facts plead in the plaintiff's petition in determining whether those facts support jurisdiction in the trial court and we may review the entire record to determine if there is jurisdiction. *Id.* at 446. A court deciding a plea to the jurisdiction, however, is not required to look solely to the pleadings, but may consider evidence and must do so when necessary to revolve the jurisdictional issues raised. *Bland*, 34 S.W.3d at 555; *see County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex.2002). The court should confine itself to the evidence relevant to the jurisdictional issue. *Bland*, 34 S.W.3d at 555. Whether the trial court has subject matter jurisdiction is a question of law subject to de novo review. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998), *cert. denied*, 526 U.S. 1144, 119 S.Ct. 2018, 143 L.Ed.2d 1030 (1999).

*Applicable Law*

■ Generally, there are three jurisdictional elements: (1) jurisdiction over the subject matter; (2) jurisdiction over the person or res; and (3) power to render the particular relief awarded. *City of El Paso v. Madero Dev.*, 803 S.W.2d 396, 400 (Tex.App.-El Paso 1991, writ denied), *cert. denied*, 502 U.S. 1073, 112 S.Ct. 970, 117 L.Ed.2d 135 (1992). Subject matter jurisdiction exists when the nature of the case falls within the general category of cases the court is empowered, under applicable statutory and constitutional provisions, to adjudicate. *McGuire v. McGuire*, 18 S.W.3d 801, 804 (Tex.App.-El Paso 2000, no pet.), *citing Bullock v. Briggs*, 623 S.W.2d 508, 511 (Tex.App.-Austin 1981, writ ref'd n.r.e.), *cert. denied*, 457 U.S. 1135, 102 S.Ct. 2962, 73 L.Ed.2d 1352 (1982). Ripeness, like standing, is a threshold issue which implicates subject matter jurisdiction and emphasizes the requirement of a concrete injury in order to present a justiciable claim. *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851 (Tex.2000); *Patterson v. Planned Parenthood of Houston & Southeast Tex., Inc.*, 971 S.W.2d 439, 442 (Tex.1998); *see also Madero Dev.*, 803 S.W.2d at 400 (The "ripeness doctrine" involves the issue of jurisdiction of the subject matter and power to render a particular relief). Under the ripeness doctrine, we consider whether, at the time a lawsuit is filed, the facts are sufficiently developed "so that an injury has occurred or is likely to occur, rather than being contingent or remote." *Gibson*, 22 S.W.3d at 851–52, *citing Patterson*, 971 S.W.2d at 442. Ripeness analysis focuses on whether the case involves "uncertain or contingent future events that may not occur as anticipated or may not occur at all." *Gibson*, 22 S.W.3d at 852. A case is not ripe when determining whether the plaintiff has a concrete injury depends on

contingent or hypothetical facts, or events that have not yet come to pass. *Id.*

### The Pleadings

■ Citing to *Webster v. Allstate Ins. Co.*, 833 S.W.2d 747 (Tex.App.-Houston [1st Dist.] 1992, no writ), Oklahoma Surety asserts that the trial court properly granted the motion to dismiss because until Mr. Alvarado's claim is denied, his causes of action have not accrued, and thus his lawsuit was premature. In Webster, the plaintiffs sued Allstate for damages under an uninsured motorist provision of insurance policy. *Webster*, 833 S.W.2d at 748. Through a motion for summary judgment, Allstate asserted that the plaintiffs' causes of action were barred by applicable statutes of limitations. *Id.* The Webster Court noted that a cause of action for breach of the duty of good faith and fair dealing and for breach of the uninsured motorist provisions of an insurance policy accrues and the statute of limitations begins to run on the date the insurance company denies the claim. *Id.* at 750. Since the plaintiffs filed suit against Allstate more than five years after the cause of action accrued, the Webster Court agreed that their claims were barred. *Id.*

In the present case, however, the accrual date of a cause of action for limitations purposes is not at issue. Therefore, Webster provides only limited guidance in determining whether the trial court had jurisdiction over the subject matter of the case. Even if we were to agree with Oklahoma Surety that the insurer's denial of a claim for purposes of determining the statutory limitations period was equally applicable in determining the trial court's jurisdiction under the ripeness doctrine, the record in this case supports a contrary outcome.

To determine whether the trial court had jurisdiction, we take as true the facts plead in Mr. Alvarado's petition. *Texas Ass'n of Bus. v. Texas Air Control Board*, 852 S.W.2d 440, 446 (Tex.1993). In his fourth amended petition, Mr. Alvarado claimed that Oklahoma Surety had "failed and refused to pay benefits." At the motion to dismiss, Oklahoma Surety argued that it had not denied any claim, however, it introduced no evidence to controvert Mr. Alvarado's assertions. Oklahoma Surety did not assert that the trial court lacked jurisdiction in any other regard. While Mr. Alvarado's alleged failure to demand UIM benefits may well prove fatal on the merits, his pleadings when taken as true contain sufficient facts to confer subject matter jurisdiction on the trial court. Neither party disputes that civil district courts generally have jurisdiction over the types of claims at issue in this case. *See* Tex. Const. art. V, § 8; Tex.Gov't Code Ann. §§ 24.007, 24.008 (Vernon 2004); *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75 (Tex.2000)(Districts courts are courts of general jurisdiction). Therefore, the trial court erred in dismissing this cause for want of subject matter jurisdiction. We sustain Mr. Alvarado's sole issue.

We reverse the trial court's order and remand the cause to the trial court for further proceedings.