

**IN THE**
**TENTH COURT OF APPEALS**

_____

**No. 10-13-00097-CV**

**IN RE ARCABABA D/B/A OK CORRAL**

_____

**Original Proceeding**

---

## MEMORANDUM OPINION

---

In this original proceeding, we are asked to determine whether the respondent, Judge Kenneth H. Keeling of the 278th Judicial District Court, abused his discretion by denying relator Arcababa, Inc. d/b/a OK Corral's motions to sever and to transfer venue. Because we believe the respondent abused his discretion in denying relator's motion to sever, and because relator does not have an adequate remedy by appeal regarding severance, we conditionally grant relator's petition for writ of mandamus.

### I. BACKGROUND

This proceeding involves an accident that occurred in Tarrant County, Texas. Real party in interest, Olga Nava, alleged in her original petition that, on or about June

17, 2012, she was a passenger in a vehicle driven by Maria Espinosa. In a subsequent amended petition, Nava contended that Espinosa had been drinking alcoholic beverages at "a beer joint/night club named the OK Corral" that was owned, operated, and managed by Arcababa, Inc., even though Espinosa was not twenty-one years old. At approximately 3:47 a.m. on West Loop 820 North in Tarrant County, the vehicle driven by Espinosa collided with a vehicle operated by Dana Adams.[1] As a result of the collision, both Espinosa and Adams were killed. Nava stated that she suffered painful, serious, and permanent bodily injuries as a result of the accident.

On July 13, 2012, Nava filed suit against her insurance provider, 21st Century North America Insurance Company ("21st Century"), and the estates of Adams and Espinosa in her home county of Madison. In this petition, Nava asserted negligence claims against the estates of both Adams and Espinosa. With regard to 21st Century, Nava purportedly made claims under the uninsured/underinsured motorist ("UM/UIM") portion of her insurance policy.

Thereafter, Nava amended her original petition to add relator. Nava contended that relator continued to serve alcoholic beverages to Espinosa even though she was clearly intoxicated. Nava argued that relator's actions contributed to Espinosa's state of intoxication and thereby were a proximate cause of her injuries. Nava couched her claims against relator in terms of gross negligence. Nava's claims against 21st Century and the estates of Adams and Espinosa remained unchanged from the original petition.

---

[1] Relator alleges in its mandamus petition that Adams was a Tarrant County resident at the time of her death.

In response to Nava's first amended petition, 21st Century filed an original answer denying all of Nava's allegations. The estate of Adams later filed a petition in intervention, asserting claims against relator for vicarious liability, wrongful death and survival, and under the Dram Shop Act. *See* TEX. ALCO. BEV. CODE ANN. § 2.02 (West 2007).

Relator responded by filing an original answer subject to motions to sever and transfer venue. In its original answer, relator generally denied all of the allegations made by Nava in her filed petitions. In its motion to sever, relator argued that Nava's claims against 21st Century should be severed from her claims against the remaining parties because, among other things, it is improper to raise the issue of insurance in a personal-injury trial and because Nava's claims against 21st Century are not ripe. In its motion to transfer venue, relator argued that venue is mandatory and proper in Tarrant County and that venue cannot be maintained in Madison County because Nava's claims against 21st Century are not ripe.[2]

After filing a response to relator's motion to transfer venue, Nava amended her petition once again. Later, Espinosa's estate filed a petition in intervention, asserting claims against relator. Relator answered both Nava's second amended petition and the claims alleged by Espinosa's estate.

On January 18, 2013, apparently without a hearing where live testimony and evidence was presented, the trial court denied relator's motions to sever and transfer

---

[2] With respect to the claims alleged by the estate of Adams, relator filed an additional general answer subject to its motions to sever and transfer venue.

venue.[3]   Relator subsequently brought this original proceeding, which was orally argued in this Court on June 19, 2013.

## II.   STANDARD OF REVIEW

Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion when there is "no adequate remedy by appeal." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding) (citations omitted).  "A trial court has no 'discretion' in determining what the law is or applying the law to the facts."  *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).  "Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Id.* (citations omitted).  In addition, a trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.  *Id.* at 839.  Regarding the resolution of factual issues or matters committed to the trial court's discretion, relator must establish that the trial court could reasonably have reached only one decision.  *Id.* at 839-40.  We cannot disturb the trial court's decision unless it is shown to be arbitrary and unreasonable, even if we would have decided the issue differently.  *Id.* at 840.

With respect to the "adequate remedy by appeal" prong, the Texas Supreme Court has noted that the operative word, "adequate," does not have a comprehensive definition.  *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.  "Instead, it is simply a

---

[3] Relator asserts that, pursuant to Texas Rule of Appellate Procedure 52.7(a)(2), it filed a statement articulating that no testimony was adduced in connection with the matter complained, thereby refuting Nava's argument that relator has not provided this Court with a sufficient mandamus record. *See* TEX. R. APP. P. 52.7(a)(2).

proxy for the careful balance of jurisprudential considerations that determine when appellate courts will use original mandamus proceedings to review the actions of lower courts." *In re Reynolds*, 369 S.W.3d 638, 646 (Tex. App.—Tyler 2012, orig. proceeding) (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136). "These considerations include both public and private interests, and the determination is practical and prudential rather than abstract or formulaic." *Id.* (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136). Therefore, an appellate remedy may be inadequate when the benefits to mandamus review outweigh the detriments. *See In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 462, 468-69 (Tex. 2008) (orig. proceeding); *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). "Mandamus will not issue when the law provides another, plain, adequate, and complete remedy." *In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d 609, 613 (Tex. 2006).

### III. SEVERANCE AND VENUE

An order denying severance is not a final judgment and therefore is not appealable. *See In re Reynolds*, 369 S.W.3d at 646 (citing *Beckham Group, P.C. v. Snyder*, 315 S.W.3d 244, 245 (Tex. App.—Dallas 2010, no pet.)). Accordingly, mandamus is the appropriate avenue by which a party may seek review of a trial court's order denying severance. *Id.* (citing *In re Liu*, 290 S.W.3d 515, 518 (Tex. App.—Texarkana 2009, orig. proceeding); *see In re Hoover, Bax & Slovacek, L.L.P.*, 6 S.W.3d 646, 650 & n.12 (Tex. App.—El Paso 1999, orig. proceeding); *see also In re Primo*, No. 14-13-00532-CV, 2013 Tex. App. LEXIS 8932, at **5-6 (Tex. App.—Houston [14th Dist.] July 17, 2013, orig. proceeding) (per curiam).

The general rule is that a venue ruling is not a final judgment ripe for interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(a) (West 2002); TEX. R. CIV. P. 87(6) ("There shall be no interlocutory appeals from such determination."); *see also In re Brin & Brin, P.C.*, No. 13-13-00324-CV, 2013 Tex. App. LEXIS 9060, at *9 (Tex. App.—Corpus Christi July 23, 2013, orig. proceeding) (mem. op.). However, a party may appeal a venue ruling following a trial on the merits. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(b). If venue was improper, "it shall in no event be harmless error and shall be reversible error." *Id.* As such, venue determinations generally are not reviewable by mandamus. *In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex. 1999) (orig. proceeding). Further, if relator does not seek enforcement of a mandatory venue statute, mandamus generally is not available absent an abuse of discretion by the trial court and an inadequate appellate remedy. *See id.* Nevertheless, mandamus review of a permissive venue determination is appropriate in "extraordinary circumstances." *In re Team Rocket, L.P.*, 256 S.W.3d at 262 (noting that, in a venue case, extraordinary relief can be warranted when a trial court subjects taxpayers, defendants, and all of the state's district courts to meaningless proceedings and trials).

## IV.    RIPENESS

In its motion to sever, relator argued that Nava's UM/UIM claims against 21st Century are not ripe because there is no evidence that she exhausted the underlying coverage and because there is no evidence that 21st Century denied payment or refused to settle any claims made by Nava. Relator further argues that because Nava's claims

against 21st Century are not ripe, Texas Insurance Code section 1952.110 cannot be used to fix venue in Madison County. *See* TEX. INS. CODE ANN. § 1952.110 (West 2009).

## A. Applicable Law

Texas Insurance Code section 1952.110 provides that, in an action against an insurer "in relation to [UM/UIM] coverage . . . including an action to enforce that coverage," venue is permitted in (1) the county in which the policyholder or beneficiary instituting the action resides at the time of the accident, or (2) the county in which the accident occurred. *Id.*; *cf. In re Reynolds*, 369 S.W.3d at 648 (noting that section 1952.110 of the Texas Insurance Code is a mandatory-venue provision). In response to relator's ripeness argument, Nava contends that her pleadings against 21st Century are sufficient to invoke section 1952.110, and therefore, venue is proper in Madison County—the county where she, the policyholder, resides.

Ripeness is a component of subject-matter jurisdiction. *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851 (Tex. 2000) (citing *Patterson v. Planned Parenthood of Houston & Se Tex., Inc.*, 971 S.W.2d 439, 442 (Tex. 1998)). "As such, ripeness is a legal question subject to de novo review that a court can raise sua sponte." *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). Ripeness analysis focuses on whether the case involves "uncertain or contingent future events that may not occur as anticipated or may not occur at all." *Gibson*, 22 S.W.3d at 852. A case is not ripe when the determination of whether the plaintiff has a concrete injury depends on contingent or hypothetical facts, or events that have not yet come to pass. *Id.*

Texas Rule of Civil Procedure 87 prescribes the scope of the trial court's consideration of venue challenges. *See generally* TEX. R. CIV. P. 87. As stated by the *Reynolds* court,

> We have been unable to locate any Texas case addressing whether the proper pleading required by Rule 87 must include allegations establishing ripeness. One court has held that proper pleading must include facts that demonstrate standing. *See In re Valetutto*, 976 S.W.2d 893, 895 (Tex. App.—Austin 1998, orig. proceeding). Another court, quoting Rule 87(2)(b), questioned whether its review of the trial court's venue determination should encompass a standing challenge. *See Sw. Bell. Tel. Co. v. Superior Payphones, Ltd.*, No. 13-05-00661-CV, 2006 WL 417423, at *5-6 (Tex. App.—Corpus Christi Feb. 23, 2006, pet. dism'd) (mem. op.). Ultimately, that court concluded that it need not define the extent of its review because the result was the same, regardless of whether its review included the standing challenge. *Id.* at *6.

369 S.W.3d at 648-49. The *Reynolds* court assumed that proper pleading under Rule 87 required allegations supporting ripeness. *Id.* at 649. We also assume that Rule 87 pleadings require allegations supporting ripeness. *See id.*

In any event, because ripeness is a component of subject-matter jurisdiction, its determination is governed by the same standard used to review subject-matter jurisdiction. *See In re Reynolds*, 369 S.W.3d at 649 (citing *Alvarado v. Okla. Sur. Co.*, 281 S.W.3d 38, 42 (Tex. App.—El Paso 2005, no pet.)). "Under that standard, the pleader must allege facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Id.* (citing *Alvarado*, 281 S.W.3d at 42). "We then take those facts as true, and focus on whether the pleader has alleged that an injury has occurred or is about to occur." *Id.* (citing *Patterson*, 971 S.W.2d at 442; *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993)).

**B.     Discussion**

In her live pleading Nava made the following allegations against 21st Century, ostensibly for purposes of invoking Texas Insurance Code section 1952.110, among other things:

> At the time of the accident, **OLGA NAVA** had purchased a policy of insurance to provide coverage for, among other things, liability for bodily injuries and property damage protection against uninsured/underinsured motorists, along with PIP provisions. Your Defendant, **21st CENTURY NORTH AMERICA INSURANCE COMPANY**, by and through its agent and representative, issued Policy No. 616 25 87, providing said coverage. At the time this accident occurred, said policy of insurance and contract was in full force and effect with premiums currently paid thereon. Plaintiff would show that she sustained personal injuries in excess of and above and beyond the liability coverage afforded your Defendants, **DANA ADAMS, DECEASED and MARIA ESPINOSA, DECEASED**, and her injuries are such that the contractual uninsured/underinsured motorists' protection afforded Plaintiff by your Defendant, **21st CENTURY NORTH AMERICA INSURANCE COMPANY**, will be applicable to the injuries and damages sustained by Plaintiff.

> Your Plaintiff would further show that she is in compliance with the terms and conditions precedent of said policy of insurance, or in the alternative, that she is in substantial compliance with the terms and conditions precedent of said policy of insurance.

> Your Plaintiff would show that she seeks the benefits of the uninsured/underinsured portion of the policy issued by **21st CENTURY NORTH AMERICA INSURANCE COMPANY**, for which she sues.

(Emphasis in original). At no point in this case has Nava asserted an injury caused by 21st Century. In fact, she does not even assert a cause of action against 21st Century in her live pleading. Furthermore, there is no allegation that Nava made a demand for payment; that 21st Century refused to pay; or that 21st Century offered to settle Nava's purported UM/UIM claim.

Because Nava has failed to allege an injury caused by 21st Century, we fail to see how Nava's purported claims against 21st Century are ripe. *See, e.g., In re Reynolds*, 369 S.W.3d at 649 (concluding that Sharp's UM/UIM claims were ripe because, among other things, he satisfied the conditions precedent to recovery under the policy; he made a demand for payment; and the insurance company refused to pay benefits); *Alvarado*, 281 S.W.3d at 42 (concluding that Alvarado's UM/UIM claims were ripe because he alleged in his fourth amended petition that "Oklahoma Surety had failed and refused to pay benefits" despite Oklahoma Surety's assertion that Alvarado had never made a demand for benefits and that it had never denied a claim made by Alvarado (internal quotations omitted)); *In re Am. Econ. Ins. Co.*, 202 S.W.3d 361, 364 (Tex. App.—Beaumont 2006, orig. proceeding) ("Rather, the rules clearly prohibit joinder of an insurer as a third-party defendant unless the insurer is directly liable to the plaintiff in the underlying case." (citing TEX. R. CIV. P. 38(c), 51(b))). Accordingly, we conclude that the trial court lacks jurisdiction over Nava's unripe claims against 21st Century, and therefore, Nava's unripe UM/UIM claims should be severed from her personal-injury claims. *See* TEX. R. CIV. P. 41; *see also Gibson*, 22 S.W.3d 851-52; *Patterson*, 971 S.W.2d at 442.

And perhaps most importantly for this case, we do not believe that Nava's unripe claims against 21st Century can be used to invoke the venue provision of Texas Insurance Code section 1952.110. *See* TEX. R. CIV. P. 87; TEX. INS. CODE ANN. § 1952.110 (requiring "an action against an insurer in relation to the coverage provided under this subchapter, including an action to enforce that coverage"); *but see Wilson v. Tex. Parks &*

*Wildlife Dep't*, 886 S.W.2d 259, 260-61 (Tex. 1994) (noting that if plaintiff initially files suit in a county of *proper venue*, the plaintiff's venue choice cannot be disturbed); *cf. Perry v. Del Rio*, 66 S.W.3d 239, 252-53 (Tex. 2001) (holding that, consistent with the justifications for the first-filed rule, a party who files suit on manifestly unripe claims, merely to win a race to the courthouse, should be estopped from arguing dominant jurisdiction).

## V.     RELATOR'S MOTION TO SEVER

Given our conclusion as to the ripeness issue, we believe the trial court abused its discretion in denying relator's motion to sever. However, even if one were to assume that Nava's pleadings as to 21st Century were somehow sufficient, other factors weigh in favor of severing Nava's UM/UIM claims from her personal-injury claims.

In its motion to sever, relator alleged the following reasons that Nava's UM/UIM claims against 21st Century should be severed from her personal-injury claims against relator: (1) if Nava did assert viable claims against 21st Century, the controversy involves more than one cause of action; (2) Nava's claims against 21st Century could be raised in a separate lawsuit; (3) the facts and circumstances in Nava's UM/UIM claims are not so interwoven with those involving relator; and (4) "it would be patently unfair and prejudicial" for 21st Century to remain in the suit because it would raise the issues of insurance in a personal-injury suit.

### A.    Applicable Law

Severance is governed by Texas Rule of Civil Procedure 41. *See* TEX. R. CIV. P. 41. Rule 41 provides, in part, that "[a]ctions which have been improperly joined may be severed . . . on such terms as are just. Any claim against a party may be severed and

proceeded with separately." *Id.* A claim may be properly severed only if: (1) the controversy involves more than one cause of action; (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted; and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues. *See Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990); *In re Hoover, Bax & Slovacek, L.L.P.*, 6 S.W.3d at 650-51 (citing *In re El Paso County Hosp. Dist.*, 979 S.W.2d 10, 12 (Tex. App.—El Paso 1998, orig. proceeding)). The controlling reasons for a severance are to do justice, avoid prejudice, and promote convenience. *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 692 (Tex. 2007).

The trial court has "broad" discretion in the severance of causes of action. *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 734 (Tex. 1985); *see Black v. Smith*, 956 S.W.2d 72, 75 (Tex. App.—Houston [14th Dist.] 1997, orig. proceeding); *see also In re Old Am. County Mut. Fire Ins. Co.*, No. 13-12-00700-CV, 2013 Tex. App. LEXIS 819, at *7 (Tex. App.—Corpus Christi Jan. 30, 2013, orig. proceeding) (mem. op.). However, that discretion is not unlimited. *See In re Gen. Agents Ins. Co. of Am., Inc.*, 254 S.W.3d 670, 673-74 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding); *see also In re Old Am. County Mut. Fire Ins. Co.*, 2013 Tex. App. LEXIS 819, at *7. The Texas Supreme Court has stated that the trial court has a duty to order severance when "all of the facts and circumstances of the case unquestionably require a separate trial to prevent manifest injustice, and there is no fact or circumstance supporting or tending to support a contrary conclusion, and the legal rights of the parties will not be prejudiced thereby."

*Womack v. Berry*, 156 Tex. 44, 291 S.W.2d 677, 682-83 (Tex. 1956) (orig. proceeding); *see In re Old Am. County Mut. Fire Ins. Co.*, 2013 Tex. App. LEXIS 819, at \*\*7-8.

**B.      Severance Factors**

In the context of insurance-coverage cases, it is well established that extra-contractual claims, such as bad-faith claims, and contract claims related to insurance coverage are by their nature, independent claims that are subject to severance.  *See Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996) ("Insurance coverage claims and bad faith claims are by their nature independent."); *In re Allstate Ins. Co.*, 232 S.W.3d 340, 343 (Tex. App.—Tyler 2007, orig. proceeding) (noting that extra-contractual claims can be severed from breach of contract claims in insurance cases); *U.S. Fire Ins. Co. v. Millard*, 847 S.W.2d 668, 672-73 (Tex. App.—Houston [1st Dist.] 1993, orig. proceeding) ("A breach of an insurance contract claim is separate and distinct from bad faith, [i]nsurance [c]ode[,] or [deceptive trade practices act] causes of action.").

Here, Nava's pleadings do not clearly articulate her causes of action against 21st Century.  Nava does not allege that 21st Century engaged in bad faith or breached a duty to settle.  She merely makes a claim for UM/UIM benefits.  However, regardless of Nava's actual causes of action against 21st Century, such claims are necessarily insurance claims that, as stated above, are subject to severance.  *See Akin*, 927 S.W.2d at 629; *see also In re Allstate Ins. Co.*, 232 S.W.3d at 343; *Millard*, 847 S.W.2d at 672-73. Moreover, with respect to relator, Nava asserts separate and distinct negligence claims.

To prevail on her negligence claim against relator, Nava must establish that: relator had a legal duty; it breached that legal duty; and Nava suffered actual damages

that were proximately caused by the breach.  *See Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 782 (Tex. 2001).  On the other hand, UM/UIM coverage, outlined in section 1952.106 of the insurance code, provides payment to the insured of all amounts that the insured is legally entitled to recover as damages from owners or operators of underinsured motor vehicles because of bodily injury or property damage.  TEX. INS. CODE ANN. § 1952.106 (West 2009).  This amount is reduced by the amount recovered or recoverable from the insurer of the underinsured motor vehicle.  *Id.*  The Texas Supreme Court has held that a UM/UIM insurer has no contractual duty to pay benefits until the liability of the other motorist and the amount of damages suffered by the insured are determined.  *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 815 (Tex. 2006).  A motorist is underinsured if the available proceeds of his liability insurance are insufficient to compensate for the injured party's actual damages.  *Stracener v. United Servs. Auto Ass'n*, 777 S.W.2d 378, 380 (Tex. 1989).  Therefore, as stated by the *Reynolds* court, to recover UIM benefits, Nava must establish that she had UM/UIM coverage; that relator's negligence proximately caused her damages and the amount of her damages; and that relator was underinsured.  *See In re Reynolds*, 369 S.W.3d at 652 (citing *Mid-Century Ins. Co. of Tex. v. McLain*, No. 11-08-00097-CV, 2010 Tex. App. LEXIS 1719, at *8 (Tex. App.—Eastland Mar. 11, 2010, no pet.) (mem. op.); *State Farm Mut. Auto Ins. Co. v. Grayson*, 983 S.W.2d 769, 770 (Tex. App.—San Antonio 1998, no pet.)).

Nava's negligence and UM/UIM claims have in common:  (1) the facts and issues relating to whether relator was negligent; and (2) if so, whether relator's negligence proximately caused Nava's damages and the amount of her damages.  The

remaining elements of Nava's UM/UIM claim—whether Nava had UM/UIM coverage and whether relator has insurance coverage in at least the amount of the damages recovered—are unrelated to the facts and issues pertaining to her negligence claims. Consequently, the two causes of action have some overlapping facts and issues but do not involve "the same facts and issues." *See Horseshoe Operating Co.*, 793 S.W.2d at 658. As such, we do not believe that Nava's UM/UIM claim against 21st Century is "interwoven" with her negligence claims against relator. *See id.* Therefore, Nava's claims are properly severable. *See id.; see also* TEX. R. CIV. P. 41. However, as stated earlier, a claim need not be severed simply because it can be. *See In re Reynolds*, 369 S.W.3d at 652. Further analysis must be done to determine whether severance is necessary to do justice, avoid prejudice, or further convenience. *See Horseshoe Operating Co.*, 793 S.W.3d at 658.

## C. Whether Severance is Necessary

Relator asserted in the trial court and in its mandamus petition that if Nava's purported UM/UIM claims against 21st Century are not severed, relator will be prejudiced by the injection of insurance in the remaining personal-injury suit. "Ordinarily, a party seeking severance has the burden the show how it will be prejudiced if severance is not granted and to present evidence to the trial court, in camera if necessary, to support its position." *In re Reynolds*, 369 S.W.3d at 652-53. Further, the injection of insurance into a trial does not necessarily create prejudice. *See id.* at 653 (citing *Babcock v. Nw. Mem'l Hosp.*, 767 S.W.2d 705, 708 (Tex. 1989); *Lewis v. United Parcel Serv., Inc.*, 175 S.W.3d 811, 816 (Tex. App—Houston [1st Dist.] 2004, pet.

denied)). However, Texas Rule of Evidence 411 provides that whether a defendant was or was not insured against liability is not admissible on the issue of negligence. TEX. R. EVID. 411; *see Thornhill v. Ronnie's I-45 Truck Stop, Inc.*, 944 S.W.2d 780, 794 (Tex. App.—Beaumont 1997, writ dism'd by agr.) ("One of the purposes of the rule against admitting evidence of insurance is to avoid informing the jury that someone other than the defendant may be liable to pay the damages.").

Additionally, the *Reynolds* court notes:

> Texas courts have recognized that in the simultaneous trial of two claims, when evidence of liability insurance will be admissible as to only one of the claims, detailed evidence of insurance is prejudicial. *See, e.g., In re Foremost Ins. Co.*, 966 S.W.2d 770, 772 (Tex. App.—Corpus Christi 1998, orig. proceeding) (conditionally granting mandamus requiring severance of personal injury claim joined with bad faith claim against defendant's liability insurer); *Black v. Smith*, 956 S.W.2d 72, 75 (Tex. App.—Houston [14th Dist.] 1997, orig. proceeding) (conditionally granting mandamus requiring severance of personal injury claim joined with claim against defendant's insurer for wrongful disclosure of medical information); *F.A. Richard & Assocs. v. Millard*, 856 S.W.2d 765, 767 (Tex. App.—Houston [1st Dist.] 1993, orig. proceeding) (conditionally granting mandamus requiring severance of negligence claim against UIM from bad faith claim against insurance adjuster).

In the instant case, evidence of insurance is not admissible in the trial of Nava's personal-injury claims against relator. *See* TEX. R. EVID. 411. But evidence of relator's insurance and Nava's UM/UIM coverage is required to establish any UM/UIM claims Nava may have against 21st Century. *See In re Reynolds*, 369 S.W.3d at 653; *Grayson*, 983 S.W.2d at 770; *see also McLain*, 2010 Tex. App. LEXIS 1719, at *8. Therefore, allowing evidence of insurance would violate relator's substantial right to have its liability decided without any mention of insurance; however, excluding evidence of insurance

would prejudice Nava's presentation of her UM/UIM claim. Clearly, one party will be prejudiced by the introduction or exclusion of insurance evidence. Like the *Reynolds* court, we hold that relator's argument pertaining to the injection of insurance was sufficient to inform the trial court that prejudice would result from the simultaneous trial of Nava's personal-injury and UM/UIM claims. *See In re Reynolds*, 369 S.W.3d at 654.

Nevertheless, Nava points out in her response to relator's mandamus petition that the trial court "expressed its willingness to conduct a bifurcated trial." To avoid prejudice, the rules authorize two distinct trial procedures—severance and bifurcation. *See* TEX. R. CIV. P. 41, 174(b). A severance divides a lawsuit into two or more separate and independent causes, resulting in final and appealable orders in each cause. *See Hall v. Austin*, 450 S.W.2d 836, 837-38 (Tex. 1970); *see also In re St. Paul Surplus Lines Ins. Co.*, No. 14-12-00443-CV, 2012 Tex. App. LEXIS 4426, at *3 n.1 (Tex. App.—Houston [14th Dist.] June 1, 2012, orig. proceeding) (mem. op.). An order of bifurcation, on the other hand, results in separate trials or, in other words, leaves the lawsuit intact but enables one or more issues to be decided first without trying all issues at the same time. *See In re United Fire Lloyds*, 327 S.W.3d 250, 254 (Tex. App.—San Antonio 2010, orig. proceeding); *see also In re St. Paul Surplus Lines Ins. Co.*, 2012 Tex. App. LEXIS 4426, at *3 n.1. With bifurcation, the same jury hears both parts of the bifurcated trial. *See Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 30 (Tex. 1994). A suit severed into two separate and distinct causes will be heard by two different juries. *See Akin*, 927 S.W.2d at 630.

Here, the trial court denied relator's motion for severance. Besides Nava's bald assertion in her response, nothing in the record indicates that a bifurcation order has been requested or signed. Thus, it appears from the record before us that the claims will be tried simultaneously, and we decline to speculate about what issues will be contested at trial. Accordingly, we cannot determine from the record that prejudice can be avoided at trial without severance. And even if the trial court granted bifurcation, we do not believe that Nava's unripe UM/UIM claims can be used to invoke the mandatory provisions of Texas Insurance Code section 1952.110. Furthermore, we also question whether having the same jury decide Nava's UM/UIM claims against 21st Century and her personal-injury claims against relator adequately mitigates prejudice associated with the insurance issue.

## VI.  CONCLUSION

For the reasons stated above, we conclude that Nava's unripe UM/UIM claims against 21st Century should be severed from her personal-injury claims against relator. Because they were not, we hold that the respondent abused his discretion in denying relator's motion to sever. Accordingly, we conditionally grant relator's petition for writ of mandamus. The writ will issue only if the trial court fails to grant relator's motion to sever within fourteen days after the date of this opinion.


AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
(Justice Davis concurs without a separate opinion)
Opinion delivered and filed October 31, 2013
[OT06]