

**NUMBER 13-20-00254-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI – EDINBURG**

**IN RE LESLIE HAMILTON**

**On Petition for Writ of Mandamus.**

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria
Memorandum Opinion by Justice Longoria[1]**

Relator Leslie Hamilton filed a petition for writ of mandamus and supplemental petition for writ of mandamus in the above cause seeking to compel the trial court to order the deposition of a representative of the real party in interest, Allstate Fire and Casualty Insurance Company (Allstate).[2] We conditionally grant the petition for writ of mandamus in part and deny it in part.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so," but "[w]hen granting relief, the court must hand down an opinion as in any other case"); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] This original proceeding arises from trial court cause number 20-1-16079 in the 135th Judicial District Court of Jackson County, Texas, and the respondent is the Honorable Kemper Stephen Williams. *See* TEX. R. APP. P. 52.2.

# I. BACKGROUND

Hamilton filed suit against Allstate in cause number 20-1-16079 in the 135th Judicial District Court of Jackson County, Texas. In her "Original Petition," Hamilton alleged that she sustained injuries as a result of a collision proximately caused by the negligence of Craig Gabrysch, the driver of another vehicle. Hamilton alleged that the vehicle Gabrysch was operating was an "underinsured motor vehicle," that Hamilton was an insured driver under an Allstate policy held by Linda Rehak, and that she was bringing the lawsuit to recover benefits pursuant to the Allstate policy regarding uninsured/underinsured motorist (UM/UIM) coverage. Hamilton alleged breach of contract and sought declaratory judgment that she was a "covered person under a policy of insurance" through Allstate at the time of the collision, that there was "uninsured/underinsured coverage under the policy of insurance issued by [Allstate]," and that Gabrysch's "negligen[ce] and/or negligen[ce] per se" was the proximate cause of her injury. Hamilton settled her claims against Gabrysch.

Hamilton filed a motion to compel the deposition of representatives of Allstate. She requested that Allstate produce the person or persons who have the most knowledge of the following areas:

1.    Any policy(ies) of insurance issued or underwritten by [Allstate] applicable to the collision made the subject of this suit;

2.    The occurrence or non-occurrence of all condition(s) precedent under the contract, including, but not limited to, coverage by [Allstate]; collision with the underinsured motorist; injury to [Hamilton]; and compliance by [Hamilton] with the terms and conditions of her policy(ies);

3.    [Hamilton's] reasonableness and necessity of past and future medical bills caused by the collision made the subject of this suit;

4.      Any facts supporting [Allstate's] legal theories and defenses;

5.      Any information regarding [Allstate's] experts;

6.      The amount and basis for [Allstate's] valuation of [Hamilton's] damages;

7.      The nature and causation of [Hamilton's] alleged injuries sustained in the collision made the basis of this suit;

8.      The damage sustained by all vehicles involved in the collision at issue;

9.      Whether Craig Allen Gabrys[c]h was an uninsured/underinsured motorist at the time of the collision;

10.      Whether Craig Allen Gabrys[c]h was driving an uninsured/underinsured vehicle at the time of the collision;

11.      [Allstate's] contention that the accident in question was "unavoidable and/or that it was solely caused by persons of instrumentalities not under the control of [Allstate]";

12.      [Allstate's] contention that it generally denies [Hamilton's] allegations;

13.      [Allstate's] contention that all conditions precedent have not been met by [Hamilton].

14.      [Allstate's] contention that [Hamilton] is not entitled to pre-judgment interest;

15.      [Allstate's] contention that it is "entitled to a credit or offset for the policy limits of the policy issued to the third party involved in this accident, and for any personal injury and medical payments made to [Hamilton]";

16.      [Allstate's] contention that it did not have "a duty to accept or deny [Hamilton's] alleged underinsured motorist claim";

17.      [Allstate's] contention that "at all times it acted promptly based upon information known or made available to them, and at no time was [Allstate] in possession of information by which it could be determined that it was reasonably clear benefits were due under the applicable provisions of the policy";

3

18. [Allstate's] contention that "[Hamilton's] injuries and damages, if any, were not the proximate result, in whole or in part, of the accident made the basis of this suit";

19. [Allstate's] contention that [Hamilton] failed to mitigate her damages;

20. [Allstate's] contention that "the accident in question was simply an accident, not the result of anyone's negligence";

21. [Allstate's] contention that not any of the claims of statutory violation constitutes or qualifies as negligence per se; and

22. [Allstate's] contention that [Hamilton] is not entitled to attorney's fees under the Declaratory Judgment Statute.

Allstate filed a response arguing that the motion to compel should be denied because the topics in Hamilton's motion to compel are overbroad and obtainable from some other source that is more convenient, less burdensome, or less expensive. It contended that the only remaining issues in the case were liability for the underlying accident and the amount of Hamilton's damages

At a hearing on the motion to compel, Allstate represented to the trial court that it stipulated that the vehicle Hamilton was operating at the time of the collision was insured for UM/UIM benefits under the policy with Allstate and that the underlying accident was a covered occurrence. Hamilton denied that she agreed to any stipulation. The record before this Court contains the settlement agreement which provides that Hamilton settled her claims regarding this incident with Gabrysch Custom Application LLC, Craig Gabrysch, and Union Insurance Company. The agreement states that the settlement agreement "is not to be construed as an admission of liability."

After the hearing, the trial court denied Hamilton's motion to compel. This original proceeding ensued. Hamilton contends that the trial court abused its discretion by denying her motion to compel and further asserts that she lacks an adequate remedy by

4

appeal. This Court requested and received a response to the petition for writ of mandamus from Allstate which generally reiterated the arguments made previously in its response to Hamilton's motion to compel the deposition.

## II.    MANDAMUS

Mandamus is both an extraordinary remedy and a discretionary one. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). For mandamus to issue, the relator must show that the trial court abused its discretion and that no adequate appellate remedy exists to cure the error. *In re N. Cypress Med. Ctr. Operating Co.*, 559 S.W.3d 128, 130 (Tex. 2018) (orig. proceeding); *In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276, 279 (Tex. 2016) (orig. proceeding). The relator bears the burden of proving both requirements. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Garza*, 544 S.W.3d at 840; *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re H.E.B. Grocery Co.*, 492 S.W.3d at 304; *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding).

## III.    DISCOVERY

A party can seek discovery of unprivileged information that is relevant to the subject matter of the lawsuit, including inadmissible evidence, as long as the request is

reasonably calculated to lead to the discovery of admissible evidence. TEX. R. CIV. P. 192.3(a); *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding). However, the broad scope of discovery is limited by the legitimate interests of the opposing party in avoiding overly broad requests, harassment, or the disclosure of privileged information. *In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding). Discovery may be limited if: (1) it is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or (2) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. TEX. R. CIV. P. 192.4.

The rules of civil procedure permit a party to take the deposition of "any person or entity." *Id.* R. 200.1(a); *see Crown Cent. Petroleum Corp. v. Garcia*, 904 S.W.2d 125, 127 (Tex. 1995) (construing the former rules of civil procedure); *In re Celadon Trucking Servs.*, 281 S.W.3d 93, 97 (Tex. App.—El Paso 2008, orig. proceeding). Generally speaking, a party to a suit has the right to depose the opposing party. *See Mobile Oil Corp. v. Floyd*, 810 S.W.2d 321, 323–24 (Tex. App.—Beaumont 1991, orig. proceeding); *see also In re Perry*, No. 13-18-00676-CV, 2019 WL 1723509, at *4 (Tex. App.—Corpus Christi–Edinburg Apr. 18, 2019, orig. proceeding) (mem. op.); *In re Luna*, No. 13-16-00467-CV, 2016 WL 6576879, at *5 (Tex. App.—Corpus Christi–Edinburg Nov. 7, 2016, orig. proceeding) (mem. op.); *In re Doe*, No. 13-10-000590-CV, 2011 WL 1158765, at *1 (Tex. App.—Corpus Christi–Edinburg Feb. 10, 2011, orig. proceeding) (per curiam) (mem. op.). However, the person noticed for deposition also has the right to

6

protection "from undue burden, unnecessary expense, harassment, annoyance, or invasion of personal, constitutional, or property rights." TEX. R. CIV. P. 192.6; *Crown Cent. Petroleum Corp.*, 904 S.W.2d at 127; *Monsanto Co. v. May*, 889 S.W.2d 274, 276 (Tex. 1994).

## IV.     UM/UIM CASES

UM/UIM coverage provides payment to the insured of all amounts that the insured is legally entitled to recover as damages from owners or operators of underinsured motor vehicles because of bodily injury or property damage. *See* TEX. INS. CODE ANN. § 1952.105–.108. The insured's recovery, if any, cannot exceed the limits specified in the insurance policy and is reduced by the amount recovered or recoverable from the insurer of the underinsured vehicle. *Id.*

The UM/UIM insurer is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and the underinsured status of the other motorist. *See Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 815 (Tex. 2006). Therefore, to recover benefits under a UIM policy, a policy beneficiary must show (1) that the insured has underinsured motorist coverage, (2) that the underinsured motorist negligently caused the accident that resulted in the covered damages, (3) the amount of the insured's damages, and (4) that the underinsured motorist's insurance coverage is deficient. *See id.* at 818; *State Farm v. Nickerson*, 216 S.W.3d 823, 824 (Tex. 2006); *In re Progressive Cty. Mut. Ins. Co.*, 439 S.W.3d 422, 426-27 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding); *In re United Fire Lloyds*, 327 S.W.3d 250, 255 (Tex. App.—San Antonio 2010, orig. proceeding). Accordingly, "a claim for [UIM] benefits is not presented until the trial court signs a judgment" resolving these issues. *Brainard*, 216

7

S.W.3d at 818; *see In re Liberty Cty. Mut. Ins. Co.*, 537 S.W.3d 214, 220 (Tex. App.—Houston [1st Dist.] 2017, orig. proceeding).

The scope of discovery in UM/UIM cases "differs from other insurance disputes because, unlike most first-party cases in which the terms of the policy alone dictate the outcome, uninsured motorist coverage hinges on the liability of the alleged uninsured, at-fault third-party motorist, under applicable tort law." *In re State Farm Mut. Auto. Ins. Co.*, 553 S.W.3d 557, 564–65 (Tex. App.—San Antonio 2018, orig. proceeding) (quoting *In re Allstate Fire & Cas. Ins. Co.*, No. 12-17-00266-CV, 2017 WL 5167350, at *3 (Tex. App.—Tyler Nov. 8, 2017, orig. proceeding) (mem. op.)); *see In re Liberty Cty. Mut. Ins. Co.*, 537 S.W.3d at 220. UM/UIM extra-contractual claims can be rendered moot if the insured does not obtain a judgment against the uninsured or underinsured motorist. *In re State Farm Mut. Auto. Ins. Co.*, 553 S.W.3d at 564–65; *In re Liberty Cty. Mut. Ins. Co.*, 537 S.W.3d at 220–21; *see also In re Allstate Fire & Cas. Ins. Co.*, 2017 WL 5167350, at *4; *In re Perry*, 2019 WL 1723509, at *4.

## V.    ANALYSIS

Hamilton contends that the trial court abused its discretion by denying her motion to compel and asserts that she lacks an adequate appellate remedy to cure this error. Hamilton argues that denying the deposition of an insurance company's corporate representative in a UM/UIM case is a clear abuse of discretion. In support of her argument, Hamilton cites *In re Luna*, 2016 WL 6576879, at *7, and *In re Perry*, 2019 WL 1723509, at *8. Allstate argues the trial court did not abuse its discretion in denying Hamilton's motion to compel because the discovery sought by Hamilton can be obtained

by another less intrusive, less burdensome process and that the Allstate representative has no personal knowledge of the topics included in the deposition notice.

This Court has previously addressed this issue, as noted by both parties, in *In re Luna*, WL 6576879, at *1–8, and *In re Perry*, 2019 WL 1723509, at *1–8. *In re Perry* discussed this Court's decision in *In re Luna*:

> [T]his Court conditionally granted mandamus relief directing the trial court to allow the deposition of the insurer's representative in a UM case. There, as in the foregoing cases, a stipulation covered many of the issues in the case but did not address causation or damages. However, a default judgment had been entered against the defendant driver. Based on the pleadings, State Farm was contesting both the cause of the accident and the amount of damages sustained by the plaintiff. The topics encompassed by the deposition notice corresponded to the defenses and theories raised by State Farm or had a direct bearing on liability and damage issues, and those matters were not encompassed by the stipulation. We concluded that information pertaining to liability and State Farm's defenses was relevant and discoverable absent a showing of privilege or other exemption authorized by the rules of civil procedure, and thus conditionally granted mandamus relief and ordered the trial court to withdraw its order quashing the deposition.

*In re Perry*, 2019 WL 1723509, at *5 (internal citations omitted). This Court's ruling in *In re Luna* relied in part on our sister court's ruling in *In re Garcia*, No. 04-07-00173-CV, 2007 WL 1481897, at *2 (Tex. App.—San Antonio May 23, 2007, orig. proceeding) (per curiam) (mem. op.). There, the San Antonio Court of Appeals also conditionally granted mandamus relief and ordered the trial court to allow the deposition of State Farm's corporate representative in a case against State Farm for UM/UIM benefits. *See id*. At 2–3. In that case, the court concluded that the trial court erred in quashing the deposition in its entirety because doing so unreasonably restricted the plaintiff's access to relevant information regarding State Farm's multiple defenses and compromised her ability to present and prove her case. *Id*. As noted by the San Antonio Court of Appeals, the denial

of discovery goes to the heart of a party's case when the party is prevented from developing essential elements of its claim or defense. *See id*.; *see also Able Supply Co. v. Moye*, 898 S.W.2d 766, 772 (Tex. 1995) (orig. proceeding); *In re Ten Hagen Excavating, Inc.*, 435 S.W.3d 859, 863–64 (Tex. App.—Dallas 2014, orig. proceeding); *In re Perry*, 2019 WL 1723509, at *5.

Similarly, in *In re Perry*, this Court found that the plaintiff had pleaded facts which, if true, would have established that the other driver was at fault and that State Farm had refused to pay under the policy, thus alleging a ripe claim. *See In re Perry*, 2019 WL 1723509, at *5 (citing *In re Reynolds*, 369 S.W.3d 638, 649 (Tex. App—Tyler 2012, orig. proceeding) (holding that a claim against a UIM insurer was ripe where the plaintiff alleged the other motorist was liable and underinsured and the UIM Insurer refused to pay)); ; *see also Alvarado v. Okla. Sur. Co*., 281 S.W.3d 38, 40, 42 (Tex. App.—El Paso 2005, no pet.); *State Farm Cty. Mut. Ins. Co. of Tex. v. Diaz–Moore*, No. 04-15-00766-CV, 2016 WL 6242842, at *2 (Tex. App.—San Antonio Oct. 26, 2016, no pet.) (mem. op.). In *In re Perry* we reasoned that the plaintiff's claim was ripe and that she had the right to depose the opposing party in her suit, conditionally granting relief. *See In re Perry*, 2019 WL 1723509 at *8. In so ruling, this Court limited the scope of the deposition "to matters relevant to the subject matter of the pending action." *Id*.

Allstate argues that this case is more analogous to *In re Liberty County Mutual Insurance Co*., 537 S.W.3d 214 (Tex. App.—Houston [1st Dist.] 2017, orig. proceeding) (*In re Liberty I*), and *In re Liberty County Mutual Insurance Co*., 557 S.W.3d 851 (Tex. App.—Houston [14th. Dist.] 2018, orig. proceeding) (*In re Liberty II*). The First Court of Appeals concluded that the plaintiff was not entitled to depose the insurer's claims

adjuster because the information sought through the deposition was neither relevant to the plaintiff's pending claims nor reasonably calculated to lead to the discovery of admissible evidence. *In re Liberty I*, 537 S.W.3d at 220. There, the relevant issues were liability for the car accident, the plaintiff's UM/UIM status, and the existence and amount of damages. *See id*. The court reasoned that Liberty had conceded "that [the plaintiff] was an insured under the policy and that the underlying accident was a covered occurrence under the policy's UIM provisions"; therefore, "the remaining issues [were] those relating to the underlying accident: (1) [the other driver's] liability for the car accident, (2) [the other driver's] uninsured/underinsured status, and (3) the existence and amount of [the plaintiff's] damages." *Id*. at 221. The First Court of Appeals then explained that the deposition topics were irrelevant to the pending issues. *See id*. The court stated that the requested discovery may become relevant, but not until the liability of the third party had been determined. *See id*. at 222.

The Fourteenth Court of Appeals held it was error to deny a motion to quash the deposition of an insurer's corporate representative in a UIM case because the deposition order was "not limited to the relevant topics of the truck driver's liability and the existence and amount of Plaintiff's damages" and "the information sought through the deposition already has been obtained by Plaintiff or may be obtained from other sources with less burden and expense." *In re Liberty II*, 557 S.W.3d at 856. There, the plaintiff sought a representative to testify regarding damages, the "facts supporting the legal theories and defenses" of the insurer, including offset and credit, and the insurer's live pleadings. *See id*. at 854–55. The plaintiff had sued the insurer directly for UIM benefits and brought causes of action for breach of contract and violations of the Texas Insurance Code, and

11

the trial court had severed the plaintiff's extra-contractual claims. *See id*. at 854. The Fourteenth Court of Appeals conditionally granted relief. *See id*. at 853.

Allstate places emphasis on their argument that a representative of Allstate would not have personal knowledge of the issues listed in the deposition notice. We addressed this same situation in *In re Luna*, wherein State Farm asserted that "its corporate representative will not have personal knowledge of the facts at issue in this lawsuit." *In re Luna*, 2016 WL 6576879, at *7. However, as we discussed in *In re Luna*, Texas Rule of Civil Procedure 192.3 provides that "[a] person has knowledge of relevant facts when the person has or may have knowledge of any discoverable matter. The person need not have admissible information or personal knowledge of the facts." TEX. R. CIV. P. 192.3(c) (emphasis added); *see In re Team Transp., Inc.*, 996 S.W.2d 256, 259 (Tex. App.— Houston [14th Dist.] 1999, orig. proceeding). Further, Rule 199.1(a) permits the deposition "of any person or entity" without any requirement that the proposed deponent have personal knowledge of the facts. TEX. R. CIV. P. 199.1(a); *see also In re Jinsun LLC*, No. 14-15-00568-CV, 2015 WL 5092176, at *4 (Tex. App.—Houston [14th Dist.] Aug. 27, 2015, orig. proceeding) (mem. op.).

Accordingly, we conclude that this case is more like *In re Luna* or *In re Perry* than the cases decided by the Houston Courts of Appeals insofar as Hamilton has settled with the underinsured motorist and is proceeding directly against the insurer in a case that does not merely involve extracontractual matters. *Compare In re Liberty II*, 557 S.W.3d at 856, and *In re Liberty I*, 537 S.W.3d at 220, *with In re Luna*, 2016 WL 6576879, at *7, and *In re Perry*, 2019 WL 1723509, at *8. Under these circumstances, we conclude that the trial court abused its discretion by denying Hamilton's motion to compel the

12

deposition of the opposing party in this lawsuit. *See* TEX. R. CIV. P. 200.1(a); *Crown Cent. Petroleum Corp.*, 904 S.W.2d at 127; *Mobile Oil Corp.*, 810 S.W.2d at 323–24; *see also In re Perry,* 2019 WL 1723509, at *8;*In re Luna*, 2016 WL 6576879, at *5; *In re Doe*, 2011 WL 1158765, at *1; *In re Garcia*, 2007 WL 1481897, at *2.

However, in so ruling, we conclude that some of the topics requested by Hamilton include matters that are clearly obtainable from some other source that is more convenient, less burdensome, or less expensive. *See* TEX. R. CIV. P. 192.4(a) (providing that discovery should be limited when "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive"). Hamilton requests information, for instance, regarding the nature of her injuries, something that would be contained in her own medical records. Allstate is not the appropriate party to be deposed on such a topic. *See id*.; *see also In re Liberty I*, 537 S.W.3d at 222–23; *In re Arras*, 24 S.W.3d 862, 864 (Tex. App.—El Paso 2000, orig. proceeding); *In re Perry*, 2019 WL 1723509, at *8.

We have concluded that the trial court abused its discretion in quashing the deposition in its entirety, but we further conclude that the deposition should be narrowly focused in scope to matters relevant to Allstate's defenses in the pending lawsuit. Accordingly, we sustain in part and overrule in part Hamilton's first issue. We further determine that Hamilton lacks an adequate remedy by appeal to cure the trial court's error in denying her motion to compel because her ability to present a viable claim or defense will be impaired by the trial court's error. *See, e.g., Able Supply Co.*, 898 S.W.2d at 771–72; *In re Hinterlong*, 109 S.W.3d at 633; *see also In re Perry*, 2019 WL 1723509, at *8. We sustain Hamilton's second issue.

13

## VI.    CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, Allstate's response, and the applicable law, is of the opinion that Hamilton has shown herself entitled to some of the relief sought. Accordingly, we conditionally grant in part and deny in part, the petition for writ of mandamus. We direct the trial court to (1) withdraw its June 10, 2020 order denying Hamilton's motion to compel and (2) grant Hamilton's motion to compel the deposition. We are confident that the trial court will limit the deposition's scope in accordance with our opinion, and that any further discovery orders in this case will be tailored to include only matters relevant to this case. The writ of mandamus shall issue only if the trial court fails to act promptly in accordance with this opinion.

NORA L. LONGORIA
Justice

Delivered and filed the
10th day of September, 2020.